**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2886
_____

JASON SCOTT,
                                        Appellant

v.

UPS SUPPLY CHAIN SOLUTIONS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-10-cv-00929)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 3, 2013

Before:  RENDELL, FISHER and GARTH, <u>Circuit Judges</u>

(Opinion filed: May 3, 2013)
_____

OPINION
_____

PER CURIAM

        Jason Scott ("Scott"), proceeding pro se, appeals from the District Court's opinion

granting summary judgment in favor of Appellee UPS Supply Chain Solutions ("UPS").

For the reasons that follow, we will affirm the District Court's order.

Scott began working for Kelly Services, a temporary staffing agency, in 2000. In November, 2008, Scott accepted a temporary work assignment from Kelly Services to perform billing and collections at UPS' Newark, Delaware office. He executed an agreement stating that he was an employee of Kelly Services, not UPS. (Dkt. No. 61, Ex. 5, pp. 11-12.) Scott was paid by Kelly Services and reported to a Kelly Services supervisor. That supervisor was in charge of his vacation and sick leave requests, and was also the person Scott contacted if he was going to be late or absent from his assignment at UPS. Scott did not have access to the UPS building and had to be admitted by the receptionist after ringing a door bell.

Scott was late for, and failed to report to, his UPS assignment on several occasions. After UPS discovered that he falsified a time entry, Kelly Services advised Scott that his work assignment at UPS was terminated. He then continued to receive other work assignments from Kelly Services. Scott, however, believed that he was terminated from the UPS assignment due to his sexual orientation. He filed a complaint against UPS alleging that he was subject to discrimination on the basis of gender stereotyping, in violation of Title VII of the Civil Rights Act, and on the basis of his sexual orientation, in violation of the Delaware Discrimination in Employment Act ("DDEA"). UPS filed a motion for summary judgment, arguing that Scott could not prove that he was an employee for purposes of Title VII or the DDEA. By order entered June 6, 2012, the District Court granted UPS' motion, and Scott timely appealed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment. Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010). Summary judgment is appropriate if, viewing the record in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

We agree with the District Court that the pertinent facts are undisputed. (Dkt. No. 68, p. 8.) The issue is whether the facts establish that Scott was, or was not, an employee of UPS as a matter of law.[1] To assert a claim under Title VII of the Civil Rights Act, Scott must first prove that he was an employee of UPS, and not of Kelly Services, his temporary staffing agency. See Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 127-28 n.5 (3d Cir. 1998) (stating that, as under Title VII, "independent contractors are not employees within the meaning of the ADEA"). In order to determine whether a person is an employee for purposes of Title VII, the common law of agency and the traditional master-servant doctrine applies. See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-24 (1992). To that end, the court should consider

> the hiring party's right to control the manner and means by which the
> product is accomplished [;] . . . the skill required; the source of the
> instrumentalities and tools; the location of the work; the duration of the

---

[1] Scott does not meaningfully dispute the District Court's conclusion that he was not a UPS employee. He only makes the unsupported assertion that the relationship between Kelly Services and UPS "can be compared to a contractor and subcontractor." (Appellant's Br. at 7.)

3

relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Id. at 323-24 (citations omitted).

The District Court found that, under Darden, Scott was not an employee of UPS. After reviewing the record, we agree with that assessment. The record demonstrates that Scott worked for UPS for about ten months; that he remained employed by Kelly Services after his UPS assignment ended; that Kelly Services determined his rate of pay and paid him; and that Kelly Services terminated his UPS assignment. Additionally, Scott applied to Kelly Services, filled out its job application, and signed an acknowledgement that he was an employee of Kelly Services, not UPS. Kelly Services was in charge of monitoring his daily attendance, vacation, sick leave, and performance evaluations. Finally, Scott did not have employee access to the UPS facility, and had to be admitted by the receptionist every day that he reported to work. The District Court properly granted UPS' summary judgment motion because there was no genuine issue of material fact as to whether Scott was an employee of UPS.[2]

---

[2] The Title VII standards are virtually identical to those of the DDEA.

4